WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Issam Mansour,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Cal-Western Reconveyance Corp.;<br>Mortgage Electronic Registration<br>Systems; and Aurora Loan Services,<br>LLC,<br><br>　　　　Defendants. | No. CV-09-37-PHX-DGC<br><br>**ORDER** |

Defendants Aurora Loan Services, LLC ("Aurora") and Mortgage Electronic Registration Systems, Inc. ("MERS") have filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim. Dkt. #16. Cal-Western Reconveyance Corp. ("Cal-Western") has joined the motion. Dkt. #17. The motion has been fully briefed. Dkt. ##18-19. For the reasons stated below, the Court will grant the motion.

**I.    Background.**

Plaintiff purchased the property that is the subject of this action in October, 2006. Dkt. #18 at 1. Plaintiff obtained a loan to finance the purchase from SCME Mortgage, Inc. ("SCME"). *Id.* Defendant MERS is SCME's nominee beneficiary, Aurora is the loan servicer, and Cal-Western is the foreclosure trustee. Dkt. #16 at 5.

At some point, Plaintiff stopped making payments on the loan. Dkt. ##16 at 2; 18 at 2. Defendants thereafter initiated foreclosure proceedings. Dkt. ##15; 16 at 2. After

issuance of the notice of trustee's sale concerning the property, Plaintiff filed suit in this Court seeking declaratory and injunctive relief for Defendants' alleged violations of the Uniform Commercial Code ("UCC") pertaining to negotiable instruments; requesting damages for violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and Real Estate Settlement Procedures Act ("RESPA"); and alleging predatory lending practices in violation of the Home Ownership and Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), and the Federal Trade Commission Act ("FTC Act").  Dkt. #15.

## II.     Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  The court may not assume that the plaintiff can prove facts different from those alleged in the complaint.  *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).  Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

## III.    Discussion.

### A.      Counts One, Two and Three.

Counts One, Two and Three all revolve around Plaintiff's allegation that because Defendants have not produced the original note securing the mortgage, they have no valid

ownership interest and therefore may not foreclose on the property. Dkt. #15, ¶¶ 21-34. This argument misapprehends the law. The UCC pertaining to negotiable instruments, as codified in Arizona at title 47, chapter 3, provides that "'persons entitled to enforce' an instrument [include] the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder *or a person not in possession of the instrument who is entitled to enforce the instrument* pursuant to §47-3309." A.R.S. § 47-3301.

Although no reported cases address the applicability of A.R.S. § 47-3301 in a factually analogous situation, courts have routinely held that Plaintiff's "show me the note" argument lacks merit. *See Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *5 (D. Nev. Jan. 22, 2009); *Putkkuri v. Reconstruct Co.*, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); *San Diego Home Solutions, Inc. v. Reconstruct Co.*, No. 08cv1970 L(AJB), 2008 WL 5209972, at *2 (S.D. Cal. Dec. 10, 2008); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008). Plaintiff presents no contradictory authority. The Nevada cases are particularly instructive because Nevada's UCC enforcement statute is identical to Arizona's. *See* NEV. REV. STAT. § 104.3301. Further, Arizona's judicial foreclosure statutes, like Nevada's, do not require presentation of the original note before commencing foreclosure proceedings. *See* A.R.S. § 33-807; NEV. REV. STAT. § 107.080. Counts One, Two, and Three of Plaintiff's amended complaint fail to state a claim upon which relief may be granted.

**B.  Count Four.**

**1.  Federal Fair Debt Collection Practices Act (FDCPA).**

As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt. *See, e.g.*, *Mabe v. G.C. Serv. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994). A "debt collector," for purposes of the FDCPA, "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted

1  to be owed or due another." 15 U.S.C. § 1692a(6). Creditors and their fiduciaries are not
2  "debt collectors" subject to the FDCPA. *See* 15 U.S.C. §§ 1692a(4), (6)(F).[1]

3  The Fifth Circuit has held that mortgagees and their beneficiaries, including mortgage
4  servicing companies, are not debt collectors subject to the FDCPA. *See Perry v. Stewart*
5  *Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (finding that neither mortgage servicing
6  company nor pre-default assignee on promissory note were debt collectors). As noted in
7  *Perry*, the legislative history of the FDCPA lends further support for the proposition that
8  mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included
9  in the definition of "debt collector." *Id.*; *see also* S. REP. NO. 95-382, at 3-4 (1977) ("[T]he
10 committee does not intend the definition [of debt collector] to cover the activities of trust
11 departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such
12 as mortgages and student loans, by persons who originated such loans; [or] mortgage service
13 companies and others who service outstanding debts for others, so long as the debts were not
14 in default when taken for servicing[.]").

15 Courts also have held that a non-judicial foreclosure proceeding is not the collection
16 of a "debt" for purposes of the FDCPA. *See Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d
17 1188, 1204 (D. Or. 2002) (distinguishing foreclosure of interest in property from efforts to
18 collect funds from debtor); *Gray v. Four Oak Court Ass'n*, 580 F. Supp. 2d 883 (D. Minn.
19 2008) (finding that homeowners association lien foreclosure proceeding to recover
20 assessment fees was not debt collection activity covered by FDCPA).

21 Although Plaintiff correctly notes that the Ninth Circuit has not addressed these
22 issues, he points to no authority suggesting that any of the Defendants are "debt collectors"
23 or that non-judicial foreclosure proceedings are efforts to collect a "debt" subject to the

---

27  [1]A "creditor" includes "any person . . . to whom a debt is owed," unless the debt is
28 transferred or assigned after default by the consumer solely for the purpose of facilitating
collection on the original creditor's behalf. 15 U.S.C. § 1692a(4).

FDCPA.[2]  The Court finds the legislative history and the legal authority discussed above to be persuasive, and therefore finds that none of the Defendants (an assignee, a servicing company, and a fiduciary) is a "debt collector" as defined in the FDCPA.  The Court further finds that the non-judicial foreclosure proceeding at issue is not an attempt to collect a "debt" for FDCPA purposes.

Moreover, even if the allegations of the amended complaint were sufficient to establish that Defendants were "debt collectors" for purposes of the FDCPA and that the non-judicial foreclosure was an attempt to collect a "debt," Plaintiff has alleged no specific facts to put Defendants on fair notice of the conduct that violates the FDCPA.  The amended complaint merely alleges that Defendants have violated the FDCPA "by making false, deceptive, or misleading representations through unfair and unconscionable means regarding the alleged debt relating to the subject property."  Dkt. #15 at 6, ¶ 37.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff has provided only a "formulaic recitation" of the elements of a claim under the FDCPA, which fails to satisfy his obligation under Fed. R. Civ. P. 8(a)(2).  Accordingly, Plaintiff's claim for damages under the FDCPA must be dismissed.

### 2. Real Estate Settlement Procedures Act (RESPA).

The amended complaint does not allege what conduct by Defendants violates RESPA or identify any provisions of RESPA that Defendants allegedly violated, stating merely that "Defendants have also violated provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617."  Dkt. #15 at 6, ¶ 38.  This "blanket assertion" fails to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests."

---

[2]The amended complaint also fails to allege any facts that would suggest the note was transferred, or that Aurora began servicing the mortgage, after Plaintiff defaulted on the note. In fact, Plaintiff affirmatively alleges in his response that he made payments to MERS and/or Aurora before he defaulted.  Dkt. # 18 at 2.

*Twombly*, 550 U.S. at 555, 556 n.3 (citations omitted) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). Accordingly, Plaintiff's RESPA claim must be dismissed.

**C.     Count Five.**

As with the RESPA claim, Count Five fails to identify any provisions of the HOEPA, TILA, or FTC Act allegedly violated by Defendants. A "belief" that Defendants may have engaged in unspecified actions that may have violated unidentified provisions of lending practices statutes does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Count Five therefore must be dismissed as well.

**D.     Cal-Western's Joinder.**

In addition to the arguments raised by MERS and Aurora, which are addressed above, Cal-Western argues that as foreclosure trustee it is not a proper party to the lawsuit, citing A.R.S. § 33-807(E), which provides that "[t]he trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligations under this chapter or under the deed of trust." Dkt. #17 at 2-3.[3]  The amended complaint does not allege any such breach, and Plaintiff fails to address Cal-Western's argument in his response. Dkt. ##15, 18. Therefore, in addition to the reasons stated above, the Court finds that Cal-Western is not a proper party to this action and should be dismissed. Cal-Western may file a motion for attorneys' fees pursuant to Local Rule of Civil Procedure 54.2.

**IT IS ORDERED:**

1.     Defendants' motion to dismiss (Dkt. #16) is **granted**.

2.     Defendant Cal-Western's request for attorneys' fees is denied without prejudice.

---

[3] A.R.S. § 33-807(E) further provides that "[i]f the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." Cal-Western requests an award of attorneys' fees and costs pursuant to the statute. Dkt. #17.

3.     The Clerk is directed to **terminate** this action.

DATED this 20th day of April, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge