**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Issam Mansour, | No. CV-09-37-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Cal-Western Reconveyance Corp.; Mortgage Electronic Registration Systems; and Aurora Loan Services, LLC, | |
| Defendants. | |

Plaintiff Issam Mansour purchased the real property that is the subject of this action in October 2006, obtaining a loan to finance the purchase. At some point, Plaintiff stopped making payments on the loan. When Defendants initiated a trustee's sale on the property, Plaintiff filed suit in state court. Defendants removed the action to this Court. Dkt. #1.

Plaintiff's amended complaint sought declaratory and injunctive relief for Defendants' alleged violations of the Uniform Commercial Code ("UCC") pertaining to negotiable instruments (counts one through three), requested damages for violations of the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act (count four), and alleged predatory lending practices in violation of the Home Ownership and Equity Protection Act, the Truth in Lending Act, and the Federal Trade Commission Act (count five). Dkt. #15.

On April 21, 2009, the Court issued an order granting Defendants' motion to dismiss the amended complaint and the Clerk entered judgment accordingly. Dkt. ##20, 21. Plaintiff has filed a motion for reconsideration of the Court's dismissal of counts one through three

under Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. #22. The motion has been fully briefed. Dkt. ##23, 25. The Court will deny the motion.[1]

I.

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Id.* (quotation and citation omitted); *see 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g)(1).

Plaintiff does not seek reconsideration of the Court's ruling on his federal statutory claims, nor on the grounds of newly discovered evidence or an intervening change in the law. Instead, Plaintiff asserts that the dismissal of counts one through three should be reconsidered because the Court committed clear error. Plaintiff specifically argues that the Court used an incorrect legal standard and failed to accept Plaintiff's allegations as true, improperly relied on non-binding authority, and misconstrued applicable law. *See* Dkt. #22 at 1.

II.

Plaintiff contends that the Court failed to accept his allegations as true. This is not correct. The Court specifically noted that all material allegations of the complaint must be accepted as true. Dkt. #20 at 2. Plaintiff complains that the Court accepted the fact that MERS is a nominee beneficiary of SCME, but this fact was neither critical to the Court's

---

[1] Defendants have filed a response to the motion and Plaintiff has filed a reply even though the Court's local rules do not permit such filings. *See* LRCiv 7.2(g)(2). The Court has nonetheless considered these filings, and the requests for oral argument will be denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

decision nor inconsistent with the Plaintiff's amended complaint. *See* Dkt. #15, ¶ 5 ("MERS is the alleged beneficiary of the Deed of Trust"). The real problem arises because, as explained below, Plaintiff has now shifted the focus of his claim.

In his response to Defendants' motion to dismiss, Plaintiff asserted that the central claim of his amended complaint was that Defendants were not in possession of the original note he signed when he obtained the loan on his home: "Plaintiff's *central claim* is evident in the complaint – that any and all alleged beneficiaries of the Note *are not in possession of the original* and are, therefore, not entitled to enforce the Note under the law of negotiable instruments as outlined in the Uniform Commercial Code and Arizona's codification of that Code." Dkt. #18 at 4 (emphasis added). This assertion was repeated throughout Plaintiff's response. *See id.* at 2 ("Due to the electronic transfer of the Note, Plaintiff believes that MERS *was not in possession of the original Note* at the time of the trustee's sale"; "a purported Note holder *who is not in possession of the original negotiable instrument* is not entitled to enforce it"; "Plaintiff requested all of Defendants (prior to filing the Complaint) to simply provide proof that *they possessed the original Note* and, thus, had authority to enforce the security instrument[.]"); at 4 ("Defendants do not assert that the *were in possession of the original Note nor that they verified possession of the original Note* that would allow them to legally foreclose on the subject property"); at 6 ("Plaintiff's assertion that Defendants *must possess the original Note* in order to foreclose is based on negotiable instruments law"; "Defendants have in no way proven that they are *holders of the Note* and, therefore, entitled to foreclose on Plaintiff's property") (emphasis added).

The Court's order responded to this "central claim" by holding, correctly, that possession of a note is not required to foreclose on the note under Arizona law. Arizona's version of the UCC itself states, as the Court observed, that "a person not in possession of the instrument" may enforce the instrument if certain conditions are met. Dkt. #20 at 3 (quoting A.R.S. § 47-3301). Those conditions are set forth in A.R.S. § 47-3309. *Id.*

Having lost on his repeated assertion that Defendants must possess the original note if they are to pursue a trustee sale, Plaintiff now shifts focus, arguing that Defendants cannot

satisfy the conditions of § 47-3309. Plaintiff's motion accuses the Court of "mysteriously" failing to address these conditions in its previous order (Dkt. #22 at 11), but Plaintiff's response never asserted a failure to satisfy them as a basis for his claim. The sole focus of Plaintiff's response to Defendants' motion to dismiss was that Defendants did not possess the original note.

A Rule 59(e) motion may not be used to raise arguments that could reasonably have been raised earlier in the litigation. *See Carroll*, 342 F.3d at 945; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiff cannot use his Rule 59(e) motion to spell out a theory of liability not addressed in his original response to the motion to dismiss.

With Plaintiff's new argument in mind, the Court has reviewed the amended complaint. Like Plaintiff's response to the motion to dismiss, the complaint focuses on the fact that Defendants did not possess the original note. *See* Dkt. #15, ¶ 10 ("Because Defendants MERS and/or Aurora Loan services *are not in possession of the original Note* endorsed to them at the time of the Trustee's Sale, they do not have the right to initiate foreclosure under the security instrument"; "they had no right to foreclose on the security instrument *unless and until they actually has* [sic] *in their possession the original Note properly endorsed to them*"); ¶ 11 (no right to foreclose unless Defendants "*actually possessed the original Note*") (emphasis added). In setting forth his specific state-law claims, Plaintiff's amended complaint again focuses on the fact that Defendants do not possess the original note. *See* Dkt. #15, ¶ 32 ("Under the law of negotiable instruments, Defendants *must be in possession of the **original** Note(s)* in order to foreclose"); ¶ 33 (Defendants were not entitled to foreclose "*as they do not possess the original Note*") (italics added, bold in original).

The amended complaint does assert, in one paragraph, that Defendants "were not in possession of the Note and they were not either holders of the Note or non-holders entitled to payment, as the terms are used in the Uniform Commercial Code §§ 3301, 3309[.]" Dkt. #15, ¶ 15. This brief reference cites to sections 47-3301 and 47-3309 and mentions "non-holders entitled to payment," an apparent reference to "non-holders in possession" of the note – the second category of persons mentioned in section 47-3301. The statement thus again appears to reflect Plaintiff's central theme that Defendants were not in possession of the note. This statement in the amended complaint does not mention the third category of persons who can foreclose under the state – persons not in possession of the note but who can satisfy the conditions of section 47-3309. Thus, Plaintiff's amended complaint does not set forth the theory of liability now asserted in his Rule 59(e) motion.

In ruling on the motion to dismiss, the Court was obligated to accept the allegations of the amended complaint as true and construe them in Plaintiff's favor, but the Court was not obligated to search for legal theories not clearly laid out in Plaintiff's response to the motion or in his amended complaint. The Court is not obligated to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "Judges are not like pigs, hunting for truffles buried in the briefs." *United States v. Dinkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 n.1 (9th Cir. 2008).

Apparently recognizing that his Rule 59(e) motion spells out a new theory of liability, Plaintiff argues that he was not required under Rule 12(b)(6) to undertake a "full legal analysis" of his claims in response to the motion to dismiss. Dkt. #22 at 8-9. This simply is not correct. If a party fails to present a complete statement of his arguments in response to a motion to dismiss, the authorities cited above make clear that he will not be permitted to revise and expand the arguments after he has lost.[2]

---

[2] Even if Plaintiff had asserted his new theory in response to the motion to dismiss, the Court likely would have rejected it. Plaintiff's Rule 59(e) motion describes the new theory in these words: "Defendant MERS has held itself out to be a beneficiary (via the Notice of Trustee's Sale), *but it is unknown if it is acting as a beneficiary in its own right or*

III.

Plaintiff asserts that the Court improperly relied on non-binding legal authority. Plaintiff has not cited, nor is the Court aware of, any controlling authority providing that actual possession of the original note is required to initiate a non-judicial foreclosure proceeding in Arizona. For the first time in his Rule 59(e) motion, Plaintiff cites *Castro v. Executive Trustee Services, LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683 (D. Ariz. Feb. 23, 2009). Plaintiff states that he did not cite *Castro* earlier because his response was filed before *Castro* was decided. Dkt. #22 at 8 n. 3. This is not correct. The *Castro* order was issued by Judge Anderson on February 23, 2009. Plaintiff's response to Defendants' motion to dismiss was filed more than a month later on March 26, 2009. Dkt. #18. Moreover, Plaintiff's counsel were counsel in *Castro*, so they were well aware of the decision when they responded to the motion to dismiss in this case.

More importantly, *Castro* does not control the claim asserted in Plaintiff's response to the motion to dismiss – that Defendants must have the original note in their possession before commencing a trustee's sale. Judge Anderson noted in *Castro* that the factual allegations of the complaint were vague, but found them sufficient to possibly include a claim that Defendants did not qualify to enforce the note under A.R.S. § 47-3301. He permitted Castro to amend the complaint to explain more fully why Defendants did not satisfy the statute. 2009 WL 438683, at *5. Plaintiff in this case asserted a more narrow argument in response to Defendants' motion – that Defendants must have actual possession

---

*as a nominee for another entity. If the note has been transferred, as Plaintiff alleges, MERS may no longer be a nominee for the new beneficiary.*" Dkt. #22 at 6 (emphasis added). This language suggests that Plaintiff's new theory is little more than speculation – a claim that MERS "may" not be entitled to enforce the note "if" the note has been transferred. Plaintiff must have a factual basis to assert a claim against Defendants, not mere speculation as to what facts "may" exist to support a claim. This particularly is true in light of current pleading law that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). If the facts alleged in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Id*. (quoting Fed. R. Civ. P. 8). Such a complaint must be dismissed. *Id*.

of the note before starting non-judicial foreclosure proceedings. *Castro* did not accept that argument, and cases cited in the Court's previous order, as well as numerous other decisions cited in Defendants' response to the Rule 59(e) motion, have soundly rejected it. *See* Dkt. #20 at 3; Dkt. #23 at 6-7.

IV.

Plaintiff has not shown that the Court committed clear error in dismissing his claims. Nor has he shown that upholding the order of dismissal and judgment will result in manifest injustice. The Court will therefore deny Plaintiff's motion.

**IT IS ORDERED:**

1. Plaintiff's motion to alter or amend judgment (Dkt. #22) is **denied**.
2. Defendants' request for judicial notice (Dkt. #24) is **denied**.
3. Plaintiff's motion to strike (Dkt. #26) is **denied** as moot. The Court did not consider the matters Plaintiff sought to strike.

DATED this 15th day of July, 2009.

_____
David G. Campbell
United States District Judge